IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darian Antonio Coleman, | ) | C/A No.: 0:24-cv-5465 DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Patrol Sgt. Crowley; Officer Benjamin J. | ) | |
| Nydes; and Officer Quentin Eley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that plaintiff's motions for summary judgment be denied, and defendants' motion for summary judgment be granted. It was further recommended that plaintiff's motion for preliminary injunction be denied, and the remaining motions be found as moot.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert.

<u>denied</u>, 467 U.S. 1208 (1984).[1] **Objections to the Magistrate Judge's Report and Recommendation were timely filed on June 30, 2025 by plaintiff. On July 14, 2025, defendants filed a reply to the objections, and plaintiff filed objections to the Report and Recommendation and defendants' reply on July 28, 2025.**

A <u>de novo</u> review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's Report and Recommendation is **AFFIRMED** and incorporated into this order.

**IT IS THEREFORE ORDERED** that plaintiff's motions for summary judgment (ECF Nos. 53, 65, 71 and 98) are **DENIED**. Defendants' motion for summary judgment (ECF No. 150) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (ECF No. 146) is **DENIED**.

**IT IS FURTHER ORDERED** that the following pending motions by plaintiff are **MOOT**:

> Motion to Challenge the Validity of Arrest Warrant (ECF No. 93)
> Motions to Suppress Evidence (ECF No. 95,110, 123, 148, and 158)
> Motion to Challenge Legality of Traffic Stop (ECF No. 119)

AND IT IS SO ORDERED.

_____
David C. Norton
United States District Judge

August 7, 2025
Charleston, South Carolina

---

[1] In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" <u>Id</u>. at 846. Plaintiff was advised in a clear manner that objections had to be filed within fourteen (14) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.

### ***NOTICE OF RIGHT TO APPEAL***

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.