Darian Antonio Coleman, | United States District Court
For The District of South Carolina

Plaintiff

v. Sgt. Victoria Crowley, | C/A NO: 0-24-CV-05465-dcn-WSB
Officer Benjamin J. Nydes
Officer Quentin Eley,
Sued in their individual
and official Capacity.

Notice of Appeal

RECEIVED
SEP 30 2025
U.S. DISTRICT COURT
GREENVILLE, S.C.

The District Court errored when granting Summary Judgment on behalf of Sgt. Victoria Crowley absent any objective evidence as well as failure to document the traffic stop of August 05, 2024.

The District Court errored when failing to hold the defendants and attorneys accountable for failure to follow the district Courts scheduling order for dispositive motions, and deadlines set by the district court. The defendants and attorney's was required to seek an enlargement of time or to file a late response, but absent the Fed. R. Civ. P. 16 for scheduling and modification was neve sought or filed by the defendants on or before April 07, 2025.

This prejudiced the Plaintiff and gave the defendants a unfair advantage over the Plaintiff.

The defendants' was required to seek leave first prior to filing late on April 09, 2025 Federal Rule of Civil Procedure Rule 16 Scheduling and modification.

The district Court committed error where S.C. Code Ann 56-5-6560(A) and S.C. Reg 38-1000 Reporting Requirements: Law Enforcement agencies with officers making traffic stops are required to report contact information related to those stops.

Categorization: The regulation specifies categories for summarizing the contact information.

Online Portal: Agencies use a web portal provided by the Department of Public safety to submit their reports.

Blank Reports: Even if an agency has no contacts to report for a given months they are still required to submit a "Blank Report" with zeros in all relevant fields.

Data Fields: If a data field has no information to report, it should be left Blank. The system will automatically populate it with "0".

Purpose". The regulation aims to ensure transparency and accountability regarding traffic stops by standardizing the reporting process and providing a central repository for the collected data.

Sgt. Crowley failed to meet the requirements of 56-5-6560(A), and S.C. Reg 38-1000.
Sgt. Crowley had the authority to issue a written warning, written citation, or arrest the Plaintiff. Sgt. Crowley did not have the authority to not document the traffic stop.

The District Court errored when finding that Sgt. Victoria Crowley was not required to have any objective evidence to justify why documentation of the traffic stop and it's contact documents required, but never provided to the Plaintiff.

The relief sought by the Plaintiff is that the current issues and case's claims be remanded for further proceedings.

Darian Antonio Coleman
[09/05/2025]